IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DEANGELO OVERTON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-00023 |
| | ) |
| **UNITED STATES OF AMERICA,** | ) Judge Trauger |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the court is petitioner Deangelo Overton's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1), in which Mr. Overton argues, through counsel, that he received ineffective assistance of counsel at sentencing when his appointed counsel failed to advocate for the application of United States Sentencing Guideline ("USSG") § 5G1.3(b). In response, the United States filed a motion to dismiss the petition as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). (ECF No. 10.) Mr. Overton argues in response to the government's motion that he is entitled to equitable tolling of the statute of limitations under *Holland v. Florida*, 130 S. Ct. 2549 (2010).

Both motions are ripe for consideration. As set forth herein, the Court finds that Mr. Overton's petition is barred by the statute of limitations and is not subject to equitable tolling. Accordingly, Mr. Overton's motion to vacate will be denied and the government's motion to dismiss will be granted.

**I. PROCEDURAL BACKGROUND**

Mr. Overton was arrested and detained by the state of Tennessee on June 20, 2003, for possession of a controlled substance for resale attempting to flee from arrest, ramming several police vehicles in the process. Mr. Overton has been imprisoned continuously since that arrest.

Mr. Overton was charged concurrently by the state and the federal governments for the same conduct.[1] On August 10, 2005, this court imposed a sentence of 210 months imprisonment to be served concurrently with any state sentence imposed for the same conduct. At the time he was sentenced on the

---

[1] The docket sheet for the underlying federal criminal court proceedings shows that a federal indictment was issued on July 9, 2003 and that Overton was arrested on the federal charges on July 14, 2003. *United States v. Wilson*, Case No. 3:03-cr-130, Indictment and Arrest Warrant (D.E. Nos. 1 and 3.)

federal charges, this court noted on the record its intent that Mr. Overton receive jail credit dating from the June 20, 2003 date of arrest. (Case No. 3:03-cr-130, Sealed Tr. of Sent'g Hr'g, ECF No. 116, at 60:9–10.) Mr. Overton's attorney raised numerous objections to the sentencing guidelines calculations in the Presentence Report dated August 4, 2005, some of which the court accepted, but defense counsel did not move specifically for a sentence adjustment pursuant to U.S.S.G. § 5G1.3. Despite the court's recommendation, Mr. Overton was not given jail credit from the date of his arrest (June 20, 2003). Instead, the Bureau of Prisons (BOP), only gave Mr. Overton jail credit from the date of his sentencing in federal court, August 10, 2005. (Case No. 3:03-cr-130, ECF No. 134 at 1–2.)

On September 9, 2005, Mr. Overton was sentenced to two years' custody on the related state charges, which term was ordered "concurrent with his federal case." (Case No. 3:03-cr-130, ECF No. 134-1, at 1 (4/22/2008 Letter from C. Whisman, Dir. Sentence Mgmt. Servs., Tenn. Dep't of Corr., to R. McGowan, defense counsel.) Because the state awarded the defendant jail credit from June 20, 2003, the date on which he was arrested on the related state charges, until September 8, 2005, the day before the state sentencing, Mr. Overton had already served the two-year state sentence by the time he received that sentence. (*Id.*)

Mr. Overton appeared before this court again on July 24, 2008 on his motion for retroactive application of the crack-cocaine guideline amendments. On the morning of that same day, Mr. Overton filed, through counsel, a "Motion to Clarify Sentence," in which he requested that the court "clarify the Judgment" entered on August 10, 2005 by entering an "order directing the Bureau of Prisons to award jail credit" from June 20, 2003. (Case No. 3:03-cr-130, ECF No. 134, at 1.) In his motion, the petitioner represented that he had exhausted all appeals available to him in the BOP, to no avail, and had allegedly been advised by the BOP that "the sentencing Court would have to Order the Defendant receive jail credit." (*Id.* at 2.)

The court held oral argument on this motion on July 24, 2008, at the same time as oral argument on the motion for reduction in sentence. At that hearing, counsel for Mr. Overton repeated his request that the court enter an order directing the BOP to award presentence credit. Counsel for the United States argued in response as follows:

> The Court is without authority to grant the relief requested by the defendant.
>
> 18 U.S.C. § 3585 entitles a defendant to credit against his federal sentence for any time served prior to the date the sentence commences if that time has not been credited under – against another sentence.

> According to the documents submitted by the defendant, at least portions of that time he seeks from his – from the date of arrest have been credited. Maybe some portion has not.
>
> However, the proper vehicle to present the request is, if the exhaustion requirement has been fulfilled, then the defendant must file a 2241 in the district where his custodian is.
>
> The record before this Court now is that the defendant is housed and the custodian is at Manchester, is where he's serving his sentence. That's outside this district.
>
> That – it's an exclusive venue, and it makes sense because that's where all the records and the BOP people are located that know about the defendant's case.
>
> He's got to go to District Court there and file the appropriate motion with that District Court rather than this District Court. . . .
>
> *United States vs. Wilson*[, 503 U.S. 329 (1992),] says that the Bureau of Prisoners rather than the sentencing judge computes and applies the credit. Until the Bureau makes that determination, a request to the Court is not ripe, even if the government tries to waive the exhaustion requirement.

(Case No. 3:03-cr-130, ECF No. 140, at 25:14–26:11, 27:5–10.)

The court noted at the hearing that it was "not in the business of ordering the Bureau of Prisons to do anything. It is up to them to compute the sentence." (*Id.* at 28:13–17.) The court took the matter under advisement, and issued a written order later the same day, reducing the petitioner's sentence from 210 to 168 months and granting in part the motion to clarify, as follows:

> The defendant has filed a Motion to Clarify Sentence (Docket No. 134), which was addressed by both parties at the close of the hearing. The motion is **GRANTED**, and the court hereby clarifies its intent reflected in the original Judgment and Commitment Order. That Order recommended to the Bureau of Prisons that the defendant "receive credit toward his sentence beginning with the arrest on June 20, 2003." (Docket No. 110 at 2) The court was aware at that time that related state charges were still pending against the defendant for the same conduct for which the court was sentencing the defendant on August 10, 2005. A letter attached to the defendant's motion issued by the Tennessee Department of Correction reflects that the defendant was sentenced to two years custody on the related state charges on September 9, 2005, which term was "ordered concurrent with his federal case." (Docket No. 134-1) Because the state awarded the defendant jail credit from June 20, 2003, the date on which he was arrested on the related state charges, until September 8, 2005, by the time he was sentenced on the related state charges, he had already served the two-year concurrent sentence. This court, too, intended that the defendant receive credit toward his federal sentence beginning on June 20, 2003, as expressed in the original Judgment and Commitment Order, and this court reiterates that intent. However, the court is aware that the Bureau of Prisons is charged with computing jail credit for the defendant.
>
> The court merely reiterates its original intent so as to clarify any misunderstanding as to the intent of this court.

(Case No. 3:03-cr-130, ECF No. 136, at 1–2.) This statement was consistent with Sixth Circuit and Supreme

Court precedent. *See United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) ("[T]he power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons[,]" and a district court is therefore not authorized to award credit at sentencing (citing *Wilson*, 503 U.S. at 333)). However, despite this clarification, the BOP still has not honored the court's request that Mr. Overton be given jail credit from the date of his arrest.

Moreover, despite the fact that the Assistant U.S. Attorney essentially provided him a roadmap for the procedure, Mr. Overton apparently never filed a habeas petition under 28 U.S.C. § 2241 to challenge the BOP's failure to give him credit for the nearly two years of jail time between his arrest and his sentencing. Instead, he waited another four and a half years to file the present motion under § 2255.

## II. ANALYSIS AND DISCUSSION

Section 2255 contains its own limitations period, which states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The petitioner here does not contest the fact that his petition was filed well outside the one-year limitations period; rather, he argues that he is entitled to equitable tolling of the statute because "he has been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way." (ECF No. 11, at 1–2 (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).)

The record simply does not support Mr. Overton's contention that he has pursued his rights diligently. All the facts relating to his alleged entitlement to jail credit were present in his Presentence Report and at the time of trial. While Mr. Overton arguably pursued the issue of his entitlement to jail credit diligently through 2008, he offers no explanation for the fact that he waited an additional four and half years since the court issued the resentencing order in July 2008, reiterating the court's intent that he be given jail credit from the

date of his arrest in June 2003, before filing the present petition. That lengthy gap does not support his claim of "dilgence."

Nor does the record support his claim that "extraordinary circumstances" prevented timely filing. Mr. Overton posits that his attorney's "egregious misconduct" qualifies as the necessary "extraordinary circumstance," citing *Holland*, 130 S. Ct. at 2562, but *Holland* does not support his claim. In that case, while indeed holding that the standard applied by the Eleventh Circuit to justify equitable tolling of AEDPA's statute of limitations was too strict, the Supreme Court also reiterated its prior holding that "a garden variety claim of excusable neglect . . . does not warrant equitable tolling." *Id.* at 2564 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), and *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). The Court found that the facts in *Holland* did not involve a "garden variety claim" of attorney negligence, but "far more serious instances of attorney misconduct," including not just failure to file a habeas petition on time and lack of awareness as to the date on which the limitations period expired, but also a failure to file the petition on time "despite Holland's many letters that repeatedly emphasized the importance of his doing so"; a failure to conduct any research to discover the filing date despite Holland's letters identifying the applicable legal rules; failure to inform the petitioner that the Florida Supreme Court had decided his case, despite the petitioner's "many pleas for that information"; and the attorney's "fail[ure] to communicate with his client over a period of years, despite various pleas from [the petitioner] that [the attorney] respond to his letters." *Id.* In light of those circumstances in *Holland*, the Court remanded for consideration in the first instance as to whether these factors constituted "extraordinary circumstances sufficient to warrant equitable relief." *Id.* at 2565.

Mr. Overton argues that his counsel was constitutionally defective—in fact, egregiously ineffective—in failing to advocate for the application of U.S.S.G. § 5G1.3 at either his original sentencing or his resentencing in 2008. He does not allege any other attorney misconduct, such as that the attorney failed to communicate with his client, or to inform his client about any rulings on his case, or to comply with other mandatory deadlines. The attorney misconduct in this case, if indeed there was attorney misconduct, was of purely the "garden variety" and did not amount to the type of misconduct that might under *Holland* qualify as egregious misconduct that will toll the statute of limitations.

Finally, Mr. Overton argues that the BOP's failure to honor the court's intent constitutes an ongoing "extraordinary circumstance" that justifies relief. To the contrary, the BOP's failure to honor the court's intent

might have justified the filing of a § 2241 motion at the expiration of Mr. Overton's administrative efforts to persuade the BOP to provide jail credit. It does not warrant granting relief on the present petition, filed four and a half years after the court entered the order clarifying its intent that Mr. Overton be given jail credit dating from his arrest in June 2003.

## III. CONCLUSION

For the reasons set forth herein, the court finds that the petitioner's motion under 28 U.S.C. § 2255 is not timely under 28 U.S.C. § 2255(f)(4), and that the petitioner has not provided a valid basis for equitable tolling of the statute of limitations. The government's motion to dismiss will therefore be granted and Mr. Overton's motion for relief under § 2255 will be denied.

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the court must, at the time of entry of the final order denying relief, either issue or deny a certificate of appealability ("COA"). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Perkins v. McQuiggin*, 670 F.3d 665, 668 (6th Cir. 2012). A "substantial showing" is made when the movant demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted). "[A] COA does not require a showing that the appeal will succeed." *Id.* at 337. Courts should not issue a COA as a matter of course. *Id.*

Under that standard, the court finds that, because the subject motion is clearly barred by the applicable statute of limitations, the movant has failed to make a substantial showing of the denial of a constitutional right with regard to any of the grounds for relief set forth in his motion. The Court will therefore decline to issue a COA.

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge